## GUANG KUAN LIN, Petitioner,

v.

## Eric H. HOLDER Jr., Attorney General,[1] Respondent.

### No. 08–3104–ag.

United States Court of Appeals, Second Circuit.

April 2, 2009.

Farah Loftus, Century City, CA, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Tim Ramnitz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROSEMARY S. POOLER, and Hon. ROBERT D. SACK, Circuit Judges.

<hr />

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**SUMMARY ORDER**

Guang Kuan Lin, a citizen of the People's Republic of China, seeks review of a May 30, 2008 order of the BIA affirming the January 27, 2006 decision of Immigration Judge ("IJ") Barbara Nelson denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guang Kuan Lin,* No. A97 166 174 (BIA May 30, 2008), *aff'g* No. A97 166 174 (Immig. Ct. N.Y. City Jan. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e. without the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Because it is unclear whether the BIA adopted the IJ's credibility determination or her finding that Lin's application was untimely, we do not review those findings. We review the agency's findings of fact under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

As a preliminary matter, because Lin failed to challenge before the BIA the IJ's denial of his application for withholding of removal and CAT relief, and the BIA explicitly declined to address the denial of such relief, we are without jurisdiction to review any challenge Lin now makes to the denial of that relief. 8 U.S.C. § 1252(d)(i); *Theodoropoulos v. INS,* 358 F.3d 162, 165–69, 174 (2d Cir.2004). Similarly, because Lin failed to argue before the agency that Chinese authorities sought to sterilize him, and because the Government has raised this failure to exhaust here, we decline to consider this unexhausted issue. *Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004); *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 124 (2d Cir.2007).

We find that the agency properly concluded that Lin failed to demonstrate eligibility for asylum on account of his altercation with family planning officials. Lin claimed that after his wife was forcibly aborted, he went to a family planning office, turned over some of the furniture, and struck two of the officials. In order for the partner of an individual who was forcibly aborted or sterilized to be eligible for asylum, the partner must independently "prove past persecution or a fear of future persecution for 'resistance' that is directly related to his or her own opposition to a coercive family planning policy." *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 313 (2d Cir.2007) (en banc), *cert. denied,* — U.S. —, 128 S.Ct. 2472, 171 L.Ed.2d 766 (2008). Here, the BIA properly found that Lin's altercation was not "resistance" but rather retaliation against government officials. *See Matter of S–L–L–,* 24 I. & N. Dec. 1, 10 (B.I.A.2006). And Lin does not argue that he suffered any persecution at the hands of the officials; indeed, Lin claimed that he was not detained or physically harmed after the incident. The BIA thus properly concluded that Lin had not suffered past persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 340–41 (2d Cir.2006).

Although Lin claims that he has a well-founded fear of persecution because of the altercation, we find no error in the BIA's characterization of Lin's fear as a fear of prosecution as opposed to persecution. We have observed that "[t]he possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum." *Qun Yang v. McEl-*

*roy,* 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam); *see also Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (B.I.A.1983). Accordingly, where Lin established neither past persecution nor a well-founded fear of future persecution, there was no error in the agency's denial of his application for asylum.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.